**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

EMRE DOGAN,

      Plaintiff,

v.

MARKWAYNE MULLIN, et al.,

      Defendants.

Case No. 2:26-cv-01222-CDS-NJK

**Order**

[Docket Nos. 11, 12]

Pending before the Court are Plaintiff's emergency motion to compel and emergency motion for a protective order. Docket Nos. 11, 12. The Court does not require a response or a hearing. *See* Local Rule 78-1.

The instant motions were filed on an emergency basis, which requires satisfaction of various technical and substantive requirements. *See* Local Rule 7-4. The local rules make clear that "[e]mergency motions should be rare" and that "[t]he court may determine whether any matter submitted as an 'emergency' is, in fact, an emergency." Local Rule 7-4(b)-(c). Further, "[f]ailure to comply with the requirements for submitting an emergency motion may result in denial of the motion." *See id.*

Here, Defendants have not yet appeared and there is no indication they have been served with these motions. *See* Docket Nos. 11, 12. Further, the instant motions fail to satisfy the requirements for filing an emergency motion. The motions fail to include a declaration as forth in Local Rule 7-4(a). Further, Plaintiff did not advise the courtroom administrator for the undersigned that the motions were filed. *See* Local Rule 7-4(d). Therefore, the instant motion does not comply with the requirements for submitting an emergency motion. *See* Local Rule 7-4(c).

….

….

1

Accordingly, the Court **DENIES** the emergency motion to compel and emergency motion for a protective order without prejudice.[1]  Docket Nos. 11, 12.  The parties are **ORDERED** to comply with the Federal Rules of Civil Procedure and the local rules in all filings to the court.

IT IS SO ORDERED.

Dated: May 15, 2026

_____
Nancy J. Koppe
United States Magistrate Judge

---

[1] The Court has not addressed all of the deficiencies of the motion in the instant order.  Any renewed request must fully correct all deficiencies.

2